22949.   REESE v. THE STATE.

MacINTYRE, J.   This case is controlled by the decision rendered this day in *Merriam* v. *State*, ante, 690.

*Judgment affirmed.   Broyles, C. J., and Guerry, J., concur.*

DECIDED APRIL 5, 1933.

22997.   McDUFFIE v. THE STATE.

DECIDED APRIL 5, 1933.

*L. C. Harrell, J. K. Whaley*, for plaintiff in error.

*M. H. Boyer, solicitor-general*, contra.

GUERRY, J.   The evidence fails to disclose that at the time the actual assault was made there was any mutual intention or purpose to fight.   The record shows that the prosecutor was eating an apple and walking away from the defendant, and that the defendant rushed up to him seized him, and cut him on the back of the neck, on his arms, and on his body.   "Mutual combat, in the meaning of § 73, is a mutual fight following a mutual intention to fight, with felonious purpose."   *Warnack* v. *State*, 3 *Ga. App.* 590, 594 (60 S. E. 288).   The evidence amply supports the verdict and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.   Broyles, C. J., and MacIntyre, J., concur.*

22998.   BARNETT v. THE STATE.

BROYLES, C. J.   The defendant and Tom Towler were jointly indicted for making whisky.   The defendant was put on trial and convicted of an attempt to make whisky.   The evidence tending to connect him with the offense charged, or with the attempt to manufacture whisky, was wholly circumstantial, and was insufficient to exclude every reasonable hypothesis save that of his guilt.   It follows that the verdict was unauthorized and that the refusal to grant a new trial was error.

*Judgment reversed.   MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 5, 1933.